RECEIVED & FILED
CLERK'S OFFICE
APR 29 2026
US DISTRICT COURT
SAN JUAN, PR

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**UNITED STATES OF AMERICA,**
Plaintiff,

v.

**[1] RAMON PLAZA-GREGORY,**
**[2] ILEANA CORTES-GONZALEZ,**
**[3] MO-NA-CO BIOMEDICAL & ENVIRONMENTAL, CORP.,**
Defendants.

**INDICTMENT**

CRIMINAL NO. 26-166 (SCC)

**CRIMINAL VIOLATIONS:**
Count 1: 18 U.S.C. § 371
Counts 2-6: 42 U.S.C. § 7413(c)(1)

**SIX COUNTS**

## INDICTMENT

**THE GRAND JURY CHARGES:**

At all times material to this Indictment:

### Introduction

1. Defendant **MO-NA-CO BIOMEDICAL & ENVIRONMENTAL, CORP.,** hereinafter **"MONACO,"** was a for-profit corporation located in Aguadilla, Puerto Rico. **MONACO** was a commercial incineration facility that processed biomedical, pathological, and miscellaneous waste.

2. Defendant **RAMON PLAZA-GREGORY** was a resident of the Commonwealth of Puerto Rico and the President of **MONACO**.

3. Defendant **ILEANA CORTES-GONZALEZ** was a resident of the Commonwealth of Puerto Rico and an operator at **MONACO**.

## Legal Framework

### A. The Clean Air Act

4. The Clean Air Act (CAA), § 42 U.S.C. 7401 *et seq*., was enacted by Congress to protect and enhance the quality of the Nation's air resources to promote the public health and welfare. The U.S. Environmental Protection Agency (EPA) is generally responsible for administering and enforcing the CAA.

5. Solid waste incinerators, including medical and pathological incinerators, were among those emission sources required to obtain an operating permit from the applicable permitting authority prior to operation. 42 U.S.C. §§ 7411, 7429(e), 7661a(a), 40 C.F.R. § 70.3(a). Solid waste incinerators were further required to operate pursuant to the requirements of the permit. 42 U.S.C. §§ 7429(e), 7661a(a). **MONACO** was a regulated solid waste incinerator for purposes of the CAA. 42 U.S.C. § 7429(g)(1).

6. The EPA could delegate permitting authority to a state or commonwealth pursuant to 40 C.F.R. § 70. The Commonwealth of Puerto Rico submitted a comprehensive operating permits program for approval on November 15, 1993, and the program was approved on March 27, 1996. 40 C.F.R. § 70, Appendix A; P.R. RCAP R. 601.

7. The Federal Government retained jurisdiction to enforce permits issued under Puerto Rico's delegated permitting program. 42 U.S.C. § 7413(a)(3), P.R. RCAP R. 601, 40 C.F.R. § 70.10(b)(5).

*MONACO's Operating Permit*

8. **MONACO** obtained an emissions source operating permit from the Puerto Rico Environmental Quality Board on September 10, 2019. The permit was valid through September 9, 2024.

9. **MONACO's** permit included, but was not limited to, the following requirements:

    a. Visible emissions from **MONACO** could not exceed an opacity of 20% averaged over six minutes or 60% for four minutes within a thirty-minute time period.

    b. In the event of an equipment breakdown, malfunction, or if any emission-related equipment becomes partially or totally inoperative, **MONACO** was required to immediately notify the regulatory authorities, provide relevant data, and could not operate malfunctioning equipment more than forty-eight hours after the malfunction.

    c. **MONACO** could not cause the emission of any unpleasant or objectionable odors that could be perceived at off-site premises.

    d. **MONACO** must have the temperature, flow, and other meters associated with the incinerator calibrated every six months.

[REMAINDER OF PAGE INTETIONALLY BLANK]

**COUNT 1**
**(Conspiracy)**
**18 U.S.C. § 371**

10. Paragraphs 1 through 9 are hereby re-alleged as if set forth herein.

11. Beginning on a date no later than August 18, 2021, and continuing through at least April 11, 2026, in the District of Puerto Rico, the defendants,

**[1] RAMON PLAZA-GREGORY,**
**[2] ILEANA CORTES-GONZALEZ,** and
**[3] MO-NA-CO BIOMEDICAL & ENVIRONMENTAL, CORP.**,

knowingly combined, conspired, confederated, and agreed with others known and unknown, to commit offenses against the United States, including:

a. To knowingly operate an emissions source subject to the operating permit program under 42 U.S.C. § 7429(e) and 42 U.S.C. § 7661a(a) in violation of a permit requirement, in violation of Title 42, United States Code, Sections 7413(c)(1) and Title 18, United States Code, Section 2.

b. To knowingly operate an emissions source subject to the operating permit program under 42 U.S.C. § 7429(e) and 42 U.S.C. § 7661a(a) without a permit, in violation of Title 42, United States Code, Sections 7413(c)(1) and Title 18, United States Code, Section 2.

## MANNER AND MEANS OF THE CONSPIRACY

12. The manner and means by which **DEFENDANTS** and co-conspirators sought to accomplish the objects and purposes of the conspiracy included, among others, the following:

a. **RAMON PLAZA-GREGORY** and **ILEANA CORTES-GONZALEZ**, acted on their own behalf and on behalf of defendant **MONACO** for its benefit as its agents, owner, and employees.

b. **RAMON PLAZA-GREGORY** and **ILEANA CORTES-GONZALEZ** used an incinerator to burn prohibited materials, caused emissions in excess of opacity limits, failed to report equipment malfunctions, failed to calibrate equipment, and caused unpleasant or objectionable odors offsite, all in violation of their permit requirements.

c. **RAMON PLAZA-GREGORY** and **ILEANA CORTES-GONZALEZ** continued to use an incinerator to burn various materials after their emissions permit had expired.

d. **RAMON PLAZA-GREGORY** and **ILEANA CORTES-GONZALEZ** burned materials in an incinerator on weekends and off hours in order to evade detection by authorities.

OVERT ACTS

13. In furtherance of the conspiracy and in order to effect the objects thereof, **DEFENDANTS** and co-conspirators committed the following overt acts, among others, in the District of Puerto Rico and elsewhere:

a. **Overt Act 1**: On or about August 18, 2021, **RAMON PLAZA-GREGORY** and **ILEANA CORTES-GONZALEZ** incinerated unpermitted materials and operated the incinerator in a manner that caused excess opacity emissions.

b. **Overt Act 2**: On or about August 18, 2021, **RAMON PLAZA-GREGORY** and **ILEANA CORTES-GONZALEZ** operated the source despite a malfunctioning incinerator and malfunctioning shredder.

c. **Overt Act 3**: On or about August 18, 2021, **RAMON PLAZA-GREGORY** and **ILEANA CORTES-GONZALEZ** discussed their permit requirements with an EPA inspector. The inspector alerted the **DEFENDANTS** that **MONACO** was in in violation of several permit conditions, including emission opacity excesses, lack of required paperwork on-site, the incineration of unpermitted materials, and a malfunctioning incinerator temperature gauge.

d. **Overt Act 4**: On or about September 7, 2021, a third-party environmental consultant acting on behalf of **MONACO** met with EPA personnel to review permit requirements, including: notifying authorities of any equipment

malfunctions, not exceeding opacity limitations, maintaining two years of records on-site, having operating permits visible and affixed to the source, calibrating all equipment within the required timeframe, and only incinerating permitted materials.

e. **Overt Act 5**: On or about October 2, 2021, **RAMON PLAZA-GREGORY** and **ILEANA CORTES-GONZALEZ** operated the incinerator despite equipment malfunctions.

f. **Overt Act 6**: On or about October 16, 2021, **RAMON PLAZA-GREGORY** and **ILEANA CORTES-GONZALEZ** operated the incinerator despite equipment malfunctions.

g. **Overt Act 7**: On or about October 31, 2021, **RAMON PLAZA-GREGORY**, on behalf of Defendant **MONACO**, terminated the contract third-party consultant without implementing the recommendations made by the consultant.

h. **Overt Act 8**: In or about September 2022, **RAMON PLAZA-GREGORY** and **ILEANA CORTES-GONZALEZ** incinerated unpermitted materials.

i. **Overt Act 9**: In or about September 2022, **RAMON PLAZA-GREGORY** told an employee that **MONACO** would operate the incinerator primarily on weekends and holidays in order to evade detection by authorities.

j. **Overt Act 10**: On or about Saturday, February 18, 2023, **RAMON PLAZA-GREGORY** and **ILEANA CORTES-GONZALEZ** operated the incinerator despite expired temperature control calibrations.

k. **Overt Act 11**: On or about Saturday, May 13, 2023, **RAMON PLAZA-GREGORY** and **ILEANA CORTES-GONZALEZ** operated the incinerator despite expired temperature control calibrations.

l. **Overt Act 12**: On or about Saturday, June 24, 2023, **RAMON PLAZA-GREGORY** and **ILEANA CORTES-GONZALEZ** operated the incinerator despite expired calibrations.

**m.** **Overt Act 13**: On or about Saturday, July 6, 2024, **RAMON PLAZA-GREGORY** and **ILEANA CORTES-GONZALEZ** incinerated unpermitted materials, operated the incinerator with expired calibrations, operated the incinerator in a manner that caused excess opacity emissions, and operated the source despite equipment malfunctions.

**n.** **Overt Act 14**: On or about Saturday, February 8, 2025, **RAMON PLAZA-GREGORY** and **ILEANA CORTES-GONZALEZ** operated the incinerator in a manner that caused emissions without a required emissions permit.

**o.** **Overt Act 15**: On or about Saturday, February 15, 2025, **RAMON PLAZA-GREGORY** and **ILEANA CORTES-GONZALEZ** operated the

incinerator in a manner that caused emissions without a required emissions permit.

p. **Overt Act 16**: On or about Saturday, March 8, 2025, **RAMON PLAZA-GREGORY** and **ILEANA CORTES-GONZALEZ** operated the incinerator in a manner that caused emissions without a required emissions permit.

q. **Overt Act 17**: On or about Saturday, July 26, 2025, **RAMON PLAZA-GREGORY** and **ILEANA CORTES-GONZALEZ** operated the incinerator in a manner that caused emissions without a required emissions permit.

r. **Overt Act 18**: On or about Saturday, April 11, 2026, **MONACO** operated the incinerator in a manner that caused emissions without a required emissions permit.

All in violation of Title 18, United States Code, Section 371.

**COUNT 2**
**(Clean Air Act)**
**42 U.S.C. § 7413(c)(1)**

14. Paragraphs 1 through 9 are hereby re-alleged as if set forth herein.

15. On or about July 6, 2024, in the District of Puerto Rico, the defendants,

**[1] RAMON PLAZA-GREGORY,**
**[2] ILEANA CORTES-GONZALEZ,** and
**[3] MO-NA-CO BIOMEDICAL & ENVIRONMENTAL, CORP.,**

who were owners and operators of an emissions source subject to the operating permit program under 42 U.S.C. § 7429(e) and 42 U.S.C. § 7661a(a), knowingly operated an emissions source in violation of a permit requirement, namely by causing emission opacity in excess of limits, in violation of Title 42, United States Code, Sections 7413(c)(1), and Title 18, United States Code, Section 2.

**COUNTS 3 - 6**
**(Clean Air Act)**
**42 U.S.C. § 7413(c)(1)**

16. Paragraphs 1 through 9 are hereby re-alleged as if set forth herein.

17. On or about the dates listed below, in the District of Puerto Rico, the defendants,

**[1] RAMON PLAZA-GREGORY,**
**[2] ILEANA CORTES-GONZALEZ,** and
**[3] MO-NA-CO BIOMEDICAL & ENVIRONMENTAL, CORP.,**

who were owners and operators of an emissions source subject to the operating permit program under 42 U.S.C. § 7429(e) and 42 U.S.C. § 7661a(a), knowingly operated an emissions source without the required permit:

| Count | Date |
|---|---|
| 3 | February 8, 2025 |
| 4 | February 15, 2025 |
| 5 | March 8, 2025 |
| 6 | April 11, 2026 |

All in violation of Title 42, United States Code, Sections 7413(c)(1), and Title 18, United States Code, Section 2.

TRUE BILL

[redacted]

FOREPERSON

4/29/2026

Date

W. Stephen Muldrow
UNITED STATES ATTORNEY

SETH ERBE Digitally signed by SETH ERBE Date: 2026.04.28 12:55:43 -04'00'

Seth A. Erbe
Assistant U.S. Attorney
Chief, Financial Fraud &
Public Corruption Section

Adam R.F. Gustafson
PRINCIPAL DEP. ASST. ATT'Y GEN.
ENVIRONMENT AND NATURAL
RESOURCES DIVISION

Patrick M. Duggan
Senior Trial Attorney
Environmental Crimes Section
U.S. Department of Justice